[No. 4445.  Decided July 9, 1903.]

Union Bank, *Respondent*, v. Peter B. Nelson, *Appellant.*

JUDGMENTS — RES JUDICATA — MISTAKEN MOTION FOR NONSUIT — EFFECT.

A judgment of nonsuit on motion therefor, which was granted on the ground that the plaintiff failed to prove its corporate capacity, the findings of fact and conclusions of law showing that the merits of the controversy were not considered, but they and the judgment all reciting the making and sustaining of the motion for nonsuit, would not be *res judicata* as to a second action, although defendant might have been entitled to a judgment on the merits, in case of the proper motion therefor.

Appeal from Superior Court Spokane County.—Hon. Leander H. Prather, Judge.  Affirmed.

*Adolph Munter,* for appellant.

*E. H. Belden,* for respondent.

The opinion of the court was delivered by

Fullerton, C. J.—This is an action upon a promissory note.  To the complaint, which is in the usual form, the appellant answered, pleading, among other defenses, a former judgment rendered in an action had between the parties upon the same cause of action.  Issue was taken upon the answer and the cause tried before the court without the intervention of a jury, resulting in a finding and judgment for the respondent.

The only question brought here is the sufficiency of the proofs to sustain the plea of *res judicata*.  These proofs consist of the record in the former action.  It appears therefrom that after the plaintiff had introduced its evidence and rested, the defendant moved for a judgment of nonsuit against the plaintiff, which the court granted

on the ground that the plaintiff had failed to prove its corporate capacity, making a finding of fact to that effect, on which it entered judgment. The appellant claims now that his motion in the former action was, in effect, a motion for a judgment on the evidence, and that the court ought to give it that effect, and that the judgment is in fact a judgment on the merits, and not a judgment of nonsuit. Noticing the latter part of the claim first, plainly the appellant is mistaken as to the effect of the judgment. While it is not in form that prescribed by the Code for a judgment of nonsuit, the record does not leave it in doubt that it was so intended. The appellant moved for a nonsuit, and it was this motion, so the record recites, that the court granted. The findings of fact and conclusions of law both show that the merits of the controversy between the parties were not considered, and these and the judgment all recite the making and sustaining of the motion for nonsuit. As to the other part of the claim, the court will not, under these conditions, give the judgment any greater effect than it was intended to have. The judgment was sufficiently harsh as it was. The cause was being tried before the court without a jury, and it would seem that it would not have been anything more than the exercise of a sound discretion for the court to have granted the plaintiff's motion for a new trial, and not subjected it to the costs of another action for a mistake of so technical a character. As the judgment relied upon was a judgment of nonsuit and not a judgment upon the merits, it is not a bar to this action.

The judgment appealed from will therefore be affirmed.

HADLEY, MOUNT, DUNBAR and ANDERS, JJ., concur.